13 CV 4075

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CHEN RACHEL SHINHAR,

             Plaintiff,

- against -

THE CITY OF NEW YORK and STEPHANIE
BOALDS, an employee of the New York City
Police Department,

             Defendants.

------------------------------------------------------------------- x

JUDGE OETKEN

COMPLAINT

Jury Trial Demanded

    Chen Rachel Shinhar, by her attorney, The Law Office of Fred Lichtmacher, PC, alleges the following upon information and belief as her Complaint:

### Nature of the Action

1.    This civil rights action arises from plaintiff's September 13, 2012 arrest and subsequent prosecution on the false claims of a Traffic Enforcement Agent. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (4). Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

### Parties

4. Plaintiff, CHEN RACHEL SHINHAR, is a citizen of the United States of America residing in the State and City of New York, County of New York.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the personnel involved in the incident underlying this lawsuit.

6. Defendant STEPHANIE BOALDS was at all times relevant duly appointed and acting Traffic Enforcement Agent employed by the New York City Police Department.

7. Defendant BOALDS is liable for directly participating in the acts described herein. She is sued in her individual capacity.

8. The individual defendant was at all times relevant acting under color of state law.

9. The individual defendant was at times relevant a agent, servant and employee acting within the scope of her employment by defendant City of New York.

### Notice of Claim

10. On or about September 13, 2012, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

12. The Notice of Claim set out the nature of claims, the time when, the place where and manner by which claims arose, and the damage and injuries claimed to have been sustained.

13. The City of New York assigned the claim number 2013PI005083.

14. On May 20, 2013, plaintiff's testimony was taken pursuant to General Municipal Law §50-h.

15. The City of New York has neglected and failed to adjust the claims within the statutory time period.

16. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

### Facts Underlying
### Plaintiff's Claims for Relief

17. On September 13, 2012 at approximately 12:40 p.m. plaintiff Chen Rachel Shinhar was walking to her automobile with her a friend.

18. As she approached her car, Plaintiff saw Defendant Stephanie Boalds writing out a ticket and stated to her "I'm here."

19. Defendant Boalds ignored Plaintiff's comment and continued to write out the ticket.

20. Ms. Shinhar opened her car door to place her bags inside the car.

21. Defendant Boalds exclaimed that Plaintiff had hit her with the car door and that Defendant Boalds needed to call her supervisor.

22. Plaintiff sat in the car and waited thirty (30) minutes for Defendant Boalds' supervisor to arrive.

23. Approximately twenty (20) minutes after the supervisor arrived, two (2) unidentified police officers arrived to inquire as to what happened, but ultimately flirted with Plaintiff and her friend.

24. Thereafter, another two (2) unidentified police officers arrived at the scene and then called their supervisor.

25. Once the supervisor arrived, Ms. Shinhar was ordered from her car, handcuffed and arrested.

26. Ms. Shinar was held in the 102nd Precinct Station house for approximately an hour before given a Desk Appearance Ticket directing that she appear in Court to defend against false criminal charges.

27. Ms. Shinhar was prosecuted under Criminal Court Docket No. 2012QN057069 on the false charges of Obstruction of Governmental Administration (P.L. §195.05, an A misdemeanor punishable by up to one year in jail) and harassment in the second degree (P.L. §240.26).

28. Ms. Shinhar, under threat of issuance of an arrest warrant and of arrest, made several appearances in Criminal Court until her case was dismissed in January 2013.

29. Defendant Boald's acts and omissions caused Ms. Shinhar to suffer mental and emotional upset and trauma, fear, and deprivation of her constitutional rights, and loss of liberty, among other injuries.

30. The individual defendant, at all times relevant, and in causing plaintiff's unlawful arrest and prosecution, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

31. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

32. By the actions described above, the individual defendants deprived Ms. Shinhar of her rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to, the right to be free from unreasonable seizures.

33. As a consequence thereof, Chen Rachel Shinhar has been injured.

### SECOND CLAIM FOR RELIEF FOR FALSE ARREST

34. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

35. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

36. As a consequence thereof Chen Rachel Shinhar has been injured.

### THIRD CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

37. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

38. The individual defendant, without probable cause and with actual malice, commenced or allowed the commencement of a Criminal Court proceeding against Ms. Shinhar.

39. Ms. Shinhar suffered a deprivation of liberty resulting from government seizure in the form of legal process, being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to contest the baseless charge.

40. As a consequence thereof Chen Rachel Shinhar has been injured.

## FOURTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

41. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

42. By reason of the foregoing, plaintiff was maliciously and without probable cause subjected to a criminal prosecution, said prosecution ending in plaintiff's favor.

43. As a consequence thereof Chen Rachel Shinhar has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered that plaintiff's rights to be free from unreasonable searches and seizures under the United States and New York State Constitutions were violated, together with:

(A)      Compensatory damages in an amount to be fixed at trial;

(B)      By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from defendant Boalds in an amount to be fixed at trial;

(C)      An award to plaintiff of the costs and disbursements herein;

(D)      An award of attorney's fees under 42 U.S.C. §1988; and

(E)      Such other and further relief as this Court may deem just and proper.

Dated: June 13, 2013
         New York, New York

         The Law Office of Fred Lichtmacher, PC
         *Attorneys for Plaintiff*
         The Empire State Building
         350 Fifth Avenue, Suite 7116
         New York, York 10118
         (212) 922-9066
         Fax (212) 922-9077

         By: Fred Lichtmacher